**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| ROSEANN P. IVANOVICH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CAUSE NO. 2:20-CV-172-PPS-APR |
| | ) |
| MENARD INC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Steven Ivanovich was tragically killed in his barn when an allegedly defective pulley malfunctioned striking the ladder on which he was standing causing him to fall to his death. This suit was commenced in state court by the personal representative of Mr. Ivanovich's estate, his widow Roseann Ivanovich. Ms. Ivanovich is an attorney and represents herself in this matter. After the case was removed by defendant Menard, Ivanovich filed a first amended and then a second amended complaint setting forth claims of negligence and product liability. Presently before the court are the claims against Koch Industries which allegedly designed and sold the pulley.

Koch moves to dismiss under Rule 12(b)(6), arguing the claims against it are barred by the statute of limitations because the summons directed to Koch was not filed until May 11, 2020, as an attachment to the amended complaint, which was 6 days after the 2-year statute of limitations had supposedly run. But I don't think the analysis is nearly that simple. Although there is no dispute that the applicable statute of limitations is two years, Indiana's discovery rule provides that the limitations period

begins to run from the date the plaintiff knew or should have discovered the injury was caused by the product of another.  Here, there are no allegations in the complaint about when Ivanovich learned about the cause of the accident, and we have no way of knowing when Ivanovich knew or should have known that the pulley caused the accident.  Without definitively knowing when the statute of limitations started to run, I can't say for sure that it had expired by the time Ivanovich filed a summons for Koch — at least not now on a motion to dismiss.  Additionally, dismissal is also inappropriate because even if the statute of limitations could have been deemed to expire on May 5, 2020, there is still a possibility that the relation-back doctrine could save Ivanovich's claims against Koch.  For both of these reasons, the motion to dismiss [DE 41] will be denied.

## Background

The tragic story of Mr. Ivanovich's passing is set forth in the complaint which I accept as true for present purposes.  Ivanovich was using a pulley to lift a ladder rack off the back of his truck and store it in the rafters of his barn. [Compl., DE 4, ¶ 9.]  The pulley failed and the ladder rack fell, striking and breaking the ladder on which Steven Ivanovich was standing, causing him to fall to his death.  [*Id.* ¶ 11.]

As I mentioned before, this case was originally filed in state court. [DE 4.]  That complaint, filed on April 3, 2020, alleged state law negligence and other product liability causes of action and named as defendants Menard, Inc., Doe Distributor, Doe Manufacturer 1, Doe Manufacturer 2, and Doe Manufacturer 3.  Defendant Menard Inc.

2

filed a notice of removal based on diversity jurisdiction. [DE 1.]

On April 29, 2020, Ivanovich filed her first motion for leave of court to file the first amended complaint. [DE 8.]  She stated that through the discovery process, she learned the correct names of the defendants formerly identified as Doe Manufacturer 1 and Doe Manufacturer 2, and she sought to amend the complaint so they could be properly served. [DE 8 at 1.]  Attached to the motion to amend was the amended complaint, in which Koch and defendant CTT Tools, Inc. were first identified as defendants (but no summons was attached or filed yet).  Instead, the proposed summons to Koch was attached to the first amended complaint when it was actually filed on May 11, 2020.  [DE 10.] The summons was issued to Koch on May 12, 2020. [DE 11.]

A few days later, Ivanovich filed a second motion to amend the complaint, stating she learned through the discovery process that the previously identified manufacturer Koch has a differently named CEO, and that service is accepted at their previously correctly identified principal executive office address in Minnesota. [DE 13 at 1.]  She claimed the Indiana registered agent listed with the Indiana Secretary of State is actually for a different Koch Industries with the same name.  This time, Ivanovich attached to the motion for leave to file a second amended complaint the proposed second amended complaint and the proposed alias summons directed to Koch.  [DE 13-1, DE 13-2.]  Magistrate Judge Andrew Rodovich granted the motion, and she filed a second amended complaint on June 18, 2020.  [DE 15.]  On June 22, 2020, an alias

summons was issued to Koch [DE 17] and on July 2, 2020, the summons was returned executed, showing Koch was served on June 26, 2020.  [DE 18.]

Koch now seeks dismissal of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Koch argues that according to Indiana Trial Rule 3, the statute of limitations has expired because Ivanovich was required to file a proposed summons with her first motion to amend in order to have timely "commenced" her action.  Koch advocates that because Ivanovich didn't file a proposed summons directed to Koch until May 11, 2020 — six days after the two-year statute of limitations set forth in I.C. 34-20-3-1 had expired — her claims against Koch are time-barred.  [DE 42 at 6.]

## Discussion

Statute of limitations is an affirmative defense; it is not normally part of a motion to dismiss under Rule 12(b)(6), and dismissal in such a situation is appropriate only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations."  *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008).  In other words, a plaintiff can plead herself out of court by alleging facts that make it plain that "relief is barred by the applicable statute of limitations . . ." *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).  But dismissal under Rule 12(b)(6) on the basis of the statute of limitations is "irregular," since it is an affirmative defense for which the defendant bears the burden of proof.  *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citing Fed. R. Civ. P. 8(c)).

4

Under the *Erie* doctrine, a federal court sitting in diversity applies the substantive law of the state in which it sits. *See Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001). And statutes of limitations fall firmly on the substantive side of the *Erie* substance/procedure divide. *Guaranty Trust Co. v. York*, 326 U.S. 99, 110 (1945); *see also Hollander v. Brown*, 457 F.3d 688, 694 (7th Cir. 2006) (same). Under Indiana law, a product liability action must be commenced within 2 years after the cause of action accrues. I.C. 34-20-3-1. Koch spends its time arguing about whether Ivanovich timely "commenced" the action, but the elephant in the room — one that neither party addresses — is when did the cause of action *accrue*? That critical question is not evident on the face of the complaints.

Indiana has adopted the discovery rule for the accrual of claims arising out of tort. *See Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 842-43 (Ind. 1992). In Indiana, the statute of limitations has two prongs: "the Indiana statute of limitations begins to run from the date that the plaintiff knew or should have discovered (1) that the plaintiff suffered an injury or impingement, and (2) that the injury or impingement was caused by the product or act of another." *Evenson v. Osmose Wood Preserving Co. of Am., Inc.*, 899 F.2d 701, 703 (7th Cir. 1990); *see also Wehling*, 586 N.E.2d at 843. Recall that on a motion to dismiss, I can only look at the face of the complaint to determine if the statute of limitations has run. And we can't tell either of these requirements from the complaints in this case.

First, we don't know when Ivanovich discovered her husband's injury. Maybe

5

it's a stretch, but perhaps she was away for the week and came upon his body upon her arrival home.  In a case where the statute of limitations was missed by just a few days, such a delay in discovering the injury could make all the difference in the world.  That question can only be answered with facts, not supposition.  More importantly, we have no idea when Ivanovich discovered that the pulley caused the accident.  It is certainly plausible that it could take a grieving widow some time after the death of her husband to determine exactly how the accident occurred and that the pulley was to blame for him falling off the ladder.  Because there are some facts that are not obvious from the complaint or amended complaints, these questions will need to be pursued during discovery and they preclude dismissal on statute of limitations grounds, at least at this point.

Although it is unnecessary to address it given the decision I just made, I will also briefly touch on Koch's argument as well — that the lawsuit was not timely commenced against it under Indiana Trial Rule 3.  In Indiana, a civil suit is commenced "when the initiating party files the original and necessary copies of the complaint, the prescribed filing fee, *and* the original and necessary copies of the summons."  *Holmes v. Celadon Trucking Servs. of Indiana, Inc.*, 936 N.E.2d 1254, 1257 (Ind.  Ct. App. 2010) (emphasis added); *see* Ind. Trial Rule 3.  *If* the statute of limitations had expired before Ivanovich tendered a summons for Koch — because Indiana courts have strictly interpreted the application of Trial Rule 3 — the suit could be deemed as not timely filed against Koch.

But there is a potential flaw in this argument.  Ivanovich's claims against Koch

can be saved if they relate back to the original complaint naming the Doe defendants. There is a bit of an issue as to whether federal or state law is controlling on the issue of relation back. On the one hand, case law establishes that while "federal courts may apply state procedural rules to pre-removal conduct," *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 (7th Cir. 2001), the amended complaint was filed after removal in this case. Therefore, the filing of the amended complaint is subject to federal law with regard to the issue of relation back. *See Emley v. Wal-Mart Stores, Inc.*, 1:17-cv-2350-WTL-TAB, 2019 WL 2642842, at *10 (S.D. Ind. June 27, 2019). On the other hand, Federal Rule of Civil Procedure 15(c) provides for relation back when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). In other words, an amended pleading can still relate back under federal law if the relation back is permitted by the state law that provides the applicable statute of limitations. "The rationale is that if the state law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." *Henderson v. Bolanda*, 253 F.3d 928, 932 (7th Cir. 2001). Regardless, Indiana law is not more forgiving than federal law in this respect. As the Seventh Circuit has noted, "Indiana's relation-back rule, Ind. Trial R. 15(c), is materially identical to the federal rule, so we need not consider it separately." *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011).

Both Federal Rule of Civil Procedure Rule 15(c) and Indiana Trial Rule 15 provide an amendment to a pleading relates back to the date of the original pleading,

where the amendment changes the party against whom a claim is asserted, and the party should have known that but for a *mistake* concerning the identity of the proper party, the action would have been brought against it. In the past, the Seventh Circuit was clear that not knowing a defendant's name, like in the case of naming a Doe defendant, is not a "mistake" under Rule 15(c)(1)(C). *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) ("relation back on grounds of mistake concerning the identity of the proper party does not apply where the plaintiff simply lacks knowledge of the proper defendant."); *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993) (holding because the plaintiff's failure to name the defendants "was due to a lack of knowledge as to their identity, and not a mistake in their names," he was "prevented from availing himself of the relation back doctrine of Rule 15(c).").

But the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), has caused some courts to question the precedential value of *Hall*. Prior to *Krupski*, the court focused on the knowledge of the plaintiff, but now:

> The only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself. A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose - unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were.

*Joseph*, 638 F.3d at 559-60 (quotation marks and citations omitted).

There are no allegations in the complaints regarding when Koch knew or should have known about the claims against it.  While Koch argues that it did not know and should not have known about Ivanovich's lawsuit before the statute of limitations passed [DE 42 at 13], that's just lawyer talk in a brief.  It's not *evidence*.  And even if it were, I could not consider it at a motion to dismiss stage of litigation.  *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998).  For example, it is certainly plausible that Menard could have informed Koch about the claims, or that Koch became aware of them through another avenue.  I cannot tell whether there is any basis for saying that Koch should have known that, but for Ivanovich's inability to discover its identity, it would have been named as a defendant in this case.  *See, e.g., Clair v. Cook Cty.*, No. 16 C 1334, 2017, 2017 WL 1355879, at *4 (N.D. Ill. Apr. 13, 2017) ("Because the complaint does not speak to what the newly added defendants knew or should have known about this lawsuit, the court cannot resolve the Rule 15(c)(1)(C)(ii) issue in their favor on a motion to dismiss).  Therefore, even if the claims against Koch in the amended complaint could be deemed untimely, it is not clear whether those claims will relate back to the original complaint.

## Conclusion

In sum, Koch may have a viable statute of limitations defense.  But its efforts to dismiss the claims against it on those grounds at this point are premature.  For the reasons set forth above, Koch's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) [DE 41] is **DENIED**.

9

SO ORDERED.

ENTERED: October 20, 2020.

/s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT